Mark Choate AK# 8011070
Jon Choate   AK# 1311093
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490
lawyers@choatelawfirm.com

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAROLE D. SPARCK,<br><br>Plaintiff,<br><br>vs<br><br>UNITED STATES OF AMERICA; and BARTLETT REGIONAL HOSPITAL, a municipal corporation, and JOHN and JANE DOES 1-20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR MEDICAL NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carole D. Sparck ("Ms. Sparck"), by and through her counsel, Choate Law Firm LLC, brings this complaint for damages against Defendants United States of America ("USA"), Bartlett Regional Hospital ("BRH"), and their agents, employees, and unnamed providers, John and Jane Does 1-20. In support of her claims, Ms. Sparck alleges as follows:

**I. INTRODUCTION**

1.  This is a medical malpractice action arising from the profound and catastrophic negligence of healthcare providers at facilities operated by or on behalf of the United States

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 1

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 1 of 14

of America and at Bartlett Regional Hospital. These providers, entrusted with the care of a vibrant, healthy, and active 51-year-old woman, repeatedly ignored and dismissed a constellation of classic, textbook symptoms of an impending stroke. Over a critical period in January and February 2024, their failure to perform a basic neurological workup, their misattribution of severe organic symptoms to psychological causes, and their inexplicable delay in diagnosis allowed a preventable or treatable condition to evolve into a devastating, multifocal ischemic stroke.

2. Before this medical catastrophe, Carole Sparck was a highly accomplished professional, a cherished member of her community, and a physically active individual with a full and independent life. As a direct and proximate result of the Defendants' breaches of the standard of care, she has been left permanently disabled, robbed of her career, stripped of her independence, and saddled with a lifetime of physical, emotional, and financial burdens. Her prognosis is guarded, and her life has been irrevocably altered. This action seeks to hold the Defendants accountable for the immense harm their negligence has caused.

## II. THE PARTIES

3. Plaintiff Carole D. Sparck is, and at all times relevant was, a citizen and resident of Juneau, First Judicial District, Alaska.

4. Defendant United States of America is sued pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. At all relevant times, the Southeast Alaska Regional Health Consortium ("SEARHC") was an entity deemed to be an employee of the
COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 2

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 2 of 14

Public Health Service for purposes of medical malpractice liability under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n). Accordingly, the United States is the proper defendant for the negligent acts and omissions of SEARHC and its employees, agents, and ostensible agents, including but not limited to primary care physician Christopher J. Haupt-Chronister, M.D., and various urgent care providers who provided medical care to Ms. Sparck.

5. Defendant Bartlett Regional Hospital (BRH) is, and at all times relevant was, a municipally-owned hospital located in and serving the City and Borough of Juneau, Alaska. BRH provides a range of medical services, including emergency and inpatient care. At all relevant times, BRH, acting through its agents, employees, and ostensible agents—including emergency physicians, hospitalists, nurses, and technicians—provided medical care and diagnostic services to Ms. Sparck. BRH is vicariously and directly liable for the negligent acts and omissions of its personnel.

6. Defendants John and Jane Does 1-20 are fictitious names for individuals and/or entities whose true identities are presently unknown to Plaintiff. These defendants include, but are not limited to, physicians, physician assistants, nurses, medical technicians, and other healthcare providers who were employees, agents, or ostensible agents of the United States of America (acting through SEARHC) and/or BRH. These Doe Defendants provided care to Ms. Sparck during the relevant period and negligently breached the standard of care, thereby

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 3

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 3 of 14

causing or contributing to her injuries. Plaintiff will amend this Complaint to state their true names and capacities when they have been ascertained.

### III. JURISDICTION, VENUE AND FTCA COMPLIANCE

7. Plaintiff has exhausted her administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a). A timely administrative claim on Standard Form 95, demanding a sum certain for Ms. Sparck's injuries were presented to the United States Department of Health and Human Services on or about January 22, 2026.. The agency failed to make a final disposition of the claim within six months of its filing, which is deemed a final denial pursuant to 28 U.S.C. § 2675(a). This action is therefore ripe for adjudication.

8. This Court has subject matter jurisdiction over the claims against Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 1331 (federal question).

9. This Court has supplemental jurisdiction over the claims against Defendant Bartlett Regional Hospital pursuant to 28 U.S.C. § 1367, as these state-law claims are so related to the claims against the United States that they form part of the same case or controversy.

10. Venue is proper in the District of Alaska pursuant to 28 U.S.C. § 1402(b), as the Plaintiff resides in this district and the acts and omissions giving rise to this Complaint occurred in this judicial district.

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 4

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 4 of 14

## IV. FACTUAL ALLEGATIONS

### A. Ms. Sparck's Baseline Health and Active, Independent Life

11. Prior to the events of January 2024, Carole Sparck was a healthy, dynamic, and fully independent 51-year-old woman.

12. She was a respected professional, serving as a Director at the Sealaska Heritage Institute, where she earned approximately $101,000 per year, including bonuses. She was single, lived alone in a multi-level home in Juneau, and managed all aspects of her personal and professional life without assistance.

13. Her past medical history was, as documented by her own providers, "unremarkable." She had no history of stroke, hypertension, hyperlipidemia, diabetes, blood clots, or migraines. She was a non-smoker and consumed alcohol only occasionally. As noted in a subsequent neurological consult, she "had no specific risk factor for stroke."

14. Her known medical conditions, including subclinical hypothyroidism and a history of vitamin D deficiency, were minor, well-managed, and did not predispose her to a major cerebrovascular event.

15. Ms. Sparck was physically active, exercising 30-60 minutes daily. Her hobbies included art, hiking, and spending time with her family, including her beloved nieces. She was the epitome of a healthy, productive, and independent Alaskan.

### B. The Onset of Alarming Neurological Symptoms and Defendants' Failure to Diagnose

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 5

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG    Document 1    Filed 01/23/26    Page 5 of 14

16. In or around late January 2024, Ms. Sparck, who had recently recovered from her second COVID-19 infection, began experiencing a series of new and alarming neurological symptoms.

17. On information and belief, Ms. Sparck presented to providers at BRH and at clinics operated by agents of the United States on multiple occasions between late January and early February 2024, complaining of symptoms indicative of a potential transient ischemic attack (TIA) or an evolving stroke. These symptoms included, but were not limited to, a "thunderclap headache", episodes of dizziness, limb weakness, sensory changes, gait instability and confusion.

18. The applicable standard of care for a primary care physician, urgent care physician, or emergency room physician, when presented with a 51-year-old patient with new, acute-onset neurological symptoms, requires the provider to, at a minimum:

    a. Take a detailed history of the symptoms;

    b. Perform a thorough neurological examination;

    c. Place TIA and stroke at the top of the differential diagnosis and take immediate steps to rule them out;

    d. Order urgent neuroimaging, such as a diffusion-weighted Magnetic Resonance Imaging (MRI) scan of the brain;

    e. Obtain an urgent consultation with a qualified neurologist; and

    f. Admit the patient for observation and further workup.

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 6

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 6 of 14

19. Defendants, including Ms. Sparck's primary care providers who were agents of the United States and various providers at BRH, breached this standard of care. Instead of recognizing the emergency, they negligently failed to perform an adequate workup.

20. Failure to Investigate and Misinformation. On multiple occasions, providers at both BRH and clinics operated by agents of the United States failed to order the necessary urgent neuroimaging (MRI/MRA). Furthermore, they affirmatively and falsely represented to Ms. Sparck that no MRI was available in Juneau and that she would have to travel to Sitka for such a test, a claim that was demonstrably false and which actively discouraged and prevented her from obtaining timely care.

21. Dismissal and Misdiagnosis. The pattern of care Ms. Sparck received was characterized by dismissal. Instead of investigating an organic, vascular cause for her neurological decline, providers for both Defendants prematurely and negligently attributed her severe symptoms to benign or psychological causes, such as sinusitis or functional neurological disorder (FND), without first ruling out a life-threatening stroke.

**C. The Catastrophic Multifocal Ischemic Stroke and Delayed Diagnosis**

22. As a direct and proximate result of Defendants' repeated failures to diagnose and treat her condition, Ms. Sparck's neurological status continued to deteriorate, and her evolving stroke was allowed to progress unchecked for 17 days.

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 7

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG     Document 1     Filed 01/23/26     Page 7 of 14

23. On or about February 12, 2024, an MRI of Ms. Sparck's brain was finally performed at Bartlett Regional Hospital. This imaging revealed the devastating consequences of the diagnostic delay: multifocal ischemic stroke, with evidence of both acute and subacute infarcts, confirming a prolonged, untreated pathological process.

24. The severity of her condition required medical evacuation to Anchorage on February 15, 2024, where a repeat MRI showed "extension of previous infarcts and possibly a new R occipital infarct," further confirming the catastrophic harm caused by the delay in treatment.

**D. Causation: The Direct and Proximate Link Between Negligence and Catastrophic Harm**

25. The acts and omissions of the Defendants were a direct and proximate cause of the devastating injuries suffered by Ms. Sparck. But for Defendants' negligence, Ms. Sparck's stroke would have been prevented entirely or its severity would have been dramatically mitigated.

26. **Loss of Chance**. Defendants' delay in diagnosing Ms. Sparck's condition robbed her of the critical window for stroke intervention. Treatments such as tissue plasminogen activator (tPA) or mechanical thrombectomy are time-sensitive. By failing to diagnose her evolving stroke in a timely manner, Defendants deprived Ms. Sparck of the opportunity for these interventions, transforming what could have been a minor, reversible event into a permanent, multifocal brain injury.

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 8

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 8 of 14

27. **Progression and Exacerbation of Injury**. The multifocal nature and subsequent extension of Ms. Sparck's strokes are compelling evidence of causation. A timely diagnosis would have led to treatment that would have prevented subsequent strokes and the extension of existing ones. The Defendants' negligence allowed the pathologic process to continue, resulting in multiple, widespread areas of brain damage that vastly magnified the extent of her disability.

### E. Ms. Sparck's Devastating and Permanent Injuries and Damages

28. As a direct and proximate result of Defendants' negligence, Ms. Sparck, once a healthy and independent woman, now suffers from permanent and debilitating injuries, including: multifocal ischemic stroke, gait apraxia, severe functional neurological disorder (FND), permanent cognitive deficits, and a complete loss of her former independence. Her prognosis is "guarded."

29. **Economic Damages**. Ms. Sparck has suffered, and will continue to suffer, substantial economic losses, including:

    a. **Loss of Past and Future Earning Capacity:** Ms. Sparck has lost her position as Director at the Sealaska Heritage Institute and is permanently disabled from her high-functioning career, resulting in a total loss of her past and future earning capacity based on her prior income of at least $101,000 per year.

    b. **Future Medical and Life Care Expenses**: Ms. Sparck will require a lifetime of medical care, including neurology, physical therapy, occupational therapy,

COMPLAINT FOR MEDICAL NEGLIGENCE  
*Sparck v. USA & BRH*  
Page 9

CHOATE LAW FIRM LLC  
424 N. Franklin St.  
Juneau, Alaska 99801  
Tel: (907) 586-4490 Fax: (206) 424-9705  
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 9 of 14

psychological support, medications, assistive devices, home modifications, and personal care assistance.

30. **Non-Economic Damages**. Ms. Sparck has suffered, and will continue to suffer for the rest of her life, profound non-economic damages, including past and future pain, suffering, emotional distress, loss of enjoyment of life, and permanent physical impairment.

## V. CAUSES OF ACTION

### COUNT I – MEDICAL NEGLIGENCE

### (Against Defendant United States of America)

31. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. At all relevant times, Defendant United States of America, acting through its deemed employees and agents at SEARHC, including Dr. Haupt-Chronister and other providers, owed a duty to Ms. Sparck to exercise the degree of skill, care, and learning ordinarily possessed and exercised by reasonably prudent healthcare providers in Alaska.

33. Defendant United States breached this duty of care through numerous negligent acts and omissions, including but not limited to: failing to perform an adequate neurological workup; failing to include TIA/stroke in the differential diagnosis; failing to order a timely MRI; affirmatively misinforming Ms. Sparck that no MRI was available in Juneau; and negligently misdiagnosing her life-threatening condition.

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 10

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 10 of 14

34. As a direct and proximate result of these breaches, Ms. Sparck was deprived of the opportunity for timely treatment, her condition was allowed to progress, and she suffered a catastrophic multifocal ischemic stroke, leading to all of the permanent injuries and damages described herein.

## COUNT II – MEDICAL NEGLIGENCE

**(Against Defendant Bartlett Regional Hospital)**

35. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. At all relevant times, Defendant BRH, acting through its agents and employees, owed a duty to Ms. Sparck to exercise the degree of skill, care, and learning ordinarily possessed and exercised by reasonably prudent healthcare providers and institutions in Alaska.

37. Defendant BRH breached this duty of care through numerous negligent acts and omissions, including but not limited to: failing to recognize a "thunderclap headache" as a neurological emergency; failing to perform an adequate neurological workup; failing to order a timely MRI on two separate emergency visits; and affirmatively misinforming Ms. Sparck that no MRI was available in Juneau when, in fact, one was available on-site.

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 11

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 11 of 14

38. As a direct and proximate result of these breaches, Ms. Sparck's diagnosis was delayed, her condition worsened, and she suffered a catastrophic multifocal ischemic stroke, leading to all of the permanent injuries and damages described herein.

## COUNT III – RECKLESSNESS

**(Against All Defendants)**

39. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. The conduct of the Defendants, individually and collectively, demonstrated a reckless disregard for the health and safety of Ms. Sparck. Their repeated failure to heed clear warning signs of a stroke, their dismissive treatment of her severe symptoms, and their failure to initiate the most basic stroke workup constitutes conduct that falls so far below the standard of care as to amount to a conscious indifference to Ms. Sparck's rights, welfare, and safety.

41. This pattern of recklessness proximately caused Ms. Sparck's devastating and permanent injuries.

## COUNT IV – CORPORATE NEGLIGENCE

**(Against Defendant Bartlett Regional Hospital)**

42. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 12

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG   Document 1   Filed 01/23/26   Page 12 of 14

43. Defendant BRH, as a healthcare institution, owed an independent, non-delegable duty directly to Ms. Sparck to provide a safe environment and ensure the provision of adequate and competent medical care.

44. BRH breached this corporate duty by, among other things:

    a. Failing to establish, implement, and enforce adequate policies for the timely evaluation of patients presenting with symptoms of stroke, including policies for the use of its available MRI equipment;

    b. Failing to adequately train, supervise, and oversee the medical staff who provided care to Ms. Sparck; and

    c. Failing to ensure that its available diagnostic resources, specifically its on-site MRI, were known to its staff and utilized appropriately for patients presenting with neurological emergencies.

45. As a direct and proximate result of these corporate breaches, Ms. Sparck was subjected to substandard care and suffered the catastrophic injuries and damages described herein.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carole D. Sparck respectfully prays for judgment against Defendant United States of America and Defendant Bartlett Regional Hospital, jointly and severally, as follows:

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 13

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG    Document 1    Filed 01/23/26    Page 13 of 14

A. For general (non-economic) damages according to proof at trial;

B. For special (economic) damages, including past and future lost wages, earning capacity, and other economic losses, in an amount according to proof at trial;

C. For all past, present, and future medical, rehabilitative, and life care expenses in an amount according to proof at trial;

D. For prejudgment and post-judgment interest as allowed by law;

E. For costs of suit incurred herein;

F. For attorneys' fees as allowed by law; and

G. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable against Defendant Bartlett Regional Hospital. All claims against Defendant United States of America shall be tried to the Court as required by 28 U.S.C. § 2402.

DATED this 23rd day of January, 2026.

            CHOATE LAW FIRM LLC

            By: */s/ Mark Choate*
               Mark Choate AK# 8011070
               Jon Choate    AK# 1311093
               424 N. Franklin Street Juneau,
               Alaska 99801
               Tel: (907) 586-4490
               Email: lawyers@choatelawfirm.com
               Attorneys for Plaintiff Carole Sparck

COMPLAINT FOR MEDICAL NEGLIGENCE
*Sparck v. USA & BRH*
Page 14

CHOATE LAW FIRM LLC
424 N. Franklin St.
Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 3:26-cv-00037-SLG    Document 1    Filed 01/23/26    Page 14 of 14